UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN RODOLFO VASQUEZ-CARDONA,

Petitioner,

v. Case No. 3:26-cv-2168-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Jonathan Rodolfo Vasquez-Cardona, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 20, 2026. Border patrol encountered Vasquez-Cardona, a citizen of Guatemala, in the Rio Grande Valley, Texas Border Patrol Sector on April 16, 2019. Doc. 7-1 at 2. Vasquez-Cardona was detained, and the Department of Homeland Security (DHS) issued a notice of expedited removal. Doc. 7-3 at 1. He asserted a fear of persecution or torture, which immigration officials found to be credible. Doc. 7-4 at 1. Therefore, on December 7, 2019, DHS issued Vasquez-Cardona a notice to appear, placing him in full removal proceedings under section 240 of the Immigration and Nationality Act (INA) and directing that he appear before an immigration

judge to show cause why he should not be removed from the United States. Id. At some point, it appears that Vasquez-Cardona was released. On December 11, 2024, an immigration judge dismissed without prejudice Vasquez-Cardona's removal proceedings. Doc. 7-5 at 1–2. Later, on April 13, 2026, DHS issued a second notice to appear. Doc. 7-6 at 1. On July 27, 2026, United States Immigration and Customs Enforcement detained Vasquez-Cardona following a traffic stop. Doc. 7-1 at 2.

In Count One of Vasquez-Cardona's Petition, he argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). Doc. 1 at 6. As relief, he seeks immediate release or "any other form of relief that the Court deems appropriate." Id. at 7. The Federal Respondent filed a Response (Doc. 7) arguing that the Court lacks jurisdiction over the Petition. Id. at 3–5. The Federal Respondent further asserts that Vasquez-Cardona is detained under 8 U.S.C. § 1225(b)(1), which mandates that he be detained while his asylum petition is pending. Id. at 5.

The Court is satisfied it has jurisdiction over Vasquez-Cardona's claims. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026). As to the merits, the Court finds that Vasquez-Cardona is not properly detained under § 1225(b)(1) as the Federal

Respondent contends. While § 1225(b)(1)(B)(ii) requires mandatory detention following a positive credible fear finding,[1] DHS seemingly chose not to enforce that provision and instead, released Vasquez-Cardona.

Indeed, the United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Vasquez-Cardona, who was initially detained for expedited removal proceedings but released after a positive credible fear finding, its reasoning applies to this case. Vasquez-Cardona was not seeking entry at the border when he was re-detained. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA). Thus, his detention is properly governed by § 1226.

Because the Court finds that Vasquez-Cardona is not properly detained under § 1225(b)(1) as the Federal Respondent contends, and the Federal Respondent fails to address in the alternative whether Vasquez-Cardona

---

[1] "If the officer determines at the time of the interview that an alien has a credible fear of persecution[,] . . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

should receive a bond hearing or be released, the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778, at *5 (finding immediate release to be the appropriate remedy based on the government's inability to guarantee that a bond hearing would be held[2]).

Accordingly, it is **ORDERED**:

1. Vasquez-Cardona's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[3] Respondents shall release Vasquez-Cardona **within 24 hours of this Order**. At least **five (5) hours** before releasing him, Respondents shall provide Vasquez-Cardona with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, *4–5.

---

[2] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondent did not include that statement in their Response. But the Court still finds that release is appropriate here. The Federal Respondent certifies that it is holding Vasquez-Cardona under § 1225(b)(1), see Doc. 7 at 2, and the Court finds that § 1225(b)(1) does not apply. Thus, without any lawful basis for this detention, Vasquez-Cardona is entitled to immediate release.

[3] The Court need not address Vasquez-Cardona's remaining contention. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/14
c:
Jonathan Rodolfo Vasquez-Cardona, #A203583397
Counsel of record